IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| FOUR SEASONS MARINA RENTALS, INC., | ) ) ) |
| Plaintiff, | ) ) ) Case No. 08-4221-CV-C-NKL |
| vs. | ) ) |
| CITY OF OSAGE BEACH, MO, *et al.*, | ) ) |
| Defendants. | ) ) ) |

O R D E R

Plaintiff Four Seasons Marina Rentals, Inc. ("Four Seasons"), originally brought this action in the Circuit Court of Camden County, Missouri, for a declaratory judgment and an injunction against Defendants City of Osage Beach, Missouri ("Osage Beach"), JQH-Lake of the Ozarks Development, LLC ("JQH"), and JKH-Lake of the Ozarks Development, LLC ("JKH") (collectively "Defendants"), challenging an ordinance passed by Osage Beach pursuant to Missouri's Real Property Tax Increment Allocation Redevelopment Act ("TIF Act"), Mo. Rev. Stat. §§ 99.800 *et seq.* In its Second Amended Petition, Four Seasons seeks a declaration that Osage Beach's finding of "blight" under the TIF Act was erroneous, that Osage Beach's adoption of a Tax Increment Financing Redevelopment Plan ("TIF Plan") was void, that enforcement of Missouri's TIF Act would deprive Four Seasons of its rights to equal protection and due process under the United States Constitution and the Missouri Constitution, and further requests an injunction prohibiting Defendants from implementing

1

the TIF Plan. Defendants removed the case to this Court on September 5, 2008. Pending before the Court are Plaintiff's Motion For Remand To State Court or in the Alternative a Stay of Federal Court Proceedings [Doc. # 14] and Defendants' Motion to Expedite Trial Date [Doc. # 20]. For the reasons stated herein, Plaintiff's motion is denied and Defendants' motion is granted in part.

I.  **Plaintiff's Motion for Remand or in the Alternative a Stay of Proceedings**

   A.  **Abstention**

In briefing supporting its motion, Four Seasons suggests that this case must either be remanded – or alternatively stayed – on abstention grounds. "Abstention from the exercise of federal jurisdiction is the exception, not the rule" and federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–817, 96 S.Ct. 1236 (1976). Four Seasons suggests that abstention is appropriate in this case under *Younger v. Harris*,[1] *Railroad Commission of Texas v. Pullman Company*,[2] and *Burford v. Sun Oil Company*.[3] None of these abstention doctrines applies, and the Court will not abstain from exercising its jurisdiction in this case.[4]

---

[1] 401 U.S. 37 (1971).

[2] 312 U.S. 496 (1941).

[3] 319 U.S. 315 (1943).

[4] Four Seasons argues only that (1) this Court should abstain from exercising its jurisdiction, and (2) that Defendants' Notice of Removal was defective in a way that deprives this Court of jurisdiction; it does not deny that its federal due process and equal protection

2

### 1. *Younger* Abstention

Under the *Younger* abstention doctrine, courts must abstain from exercising jurisdiction over cases where "equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) (citations omitted). *Younger* abstention applies where there is: "(1) . . . an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges." *Id.* (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982)). As Defendant argues, *Younger* cannot apply here because there is no pending state court proceeding in this case. *Village of DePue v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008); *see also In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 476 (8th Cir. 1995).

### 2. *Pullman* Abstention

Under the *Pullman* abstention doctrine, federal courts are to "refrain from exercising jurisdiction where the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." *Robinson v. City of Omaha*, 866 F.2d 1042, 1043 (8th Cir. 1989) (quoting *Moe v. Brookings County, S.D.*, 659 F.2d 880, 883 (8th Cir. 1981)). Therefore, *Pullman* abstention applies where: (1) "controlling state law [is] unclear"

---

claims constitute federal questions which would give this Court federal question jurisdiction under 28 U.S.C. § 1331.

and (2) "a tenable interpretation of the state law [would be] dispositive of the case." *Id.* (citing C. Wright, *The Law of Federal Courts*, 304 (4th ed. 1983)).

*Pullman* abstention is inappropriate here because the TIF Act – the controlling state law – is not "unclear." *See Moe v. Brookings County S.D*, 659 F.2d 880, 883 (8th Cir. 1981) (finding *Pullman* abstention inappropriate in part because "[t]he state law in question [was] not unclear[.]"). Plaintiff's Second Amended Petition alleges that Osage Beach failed to follow the provisions of the TIF Act with respect to: (1) its finding that the area in question was blighted; (2) its finding that the redevelopment area would not be developed without tax increment financing; and (3) its finding that the TIF Plan conforms to the Comprehensive Plan of the City of Osage Beach. (Pl.'s Second Am. Pet. ¶¶ 12–18).

The provisions of the TIF Act implicated by Plaintiff's allegations include sections 99.805(1), 99.810.1(1), and 99.810.1(2) of the Revised Statutes of Missouri. Each of these statutes have been construed by Missouri courts. *See Great Rivers Habitat Alliance v. City of St. Peters*, 246 S.W.3d 556, 560–568 (Mo. Ct. App. 2008) (discussing the definition of "blight" in Mo. Rev. Stat. § 99.805(1) in detail, the "fairly debatable" test employed by Missouri courts in determining whether a city's legislative action was arbitrary and capricious, the "but for" causation requirement of Mo. Rev. Stat. § 99.810.1(1), and the requirement under Mo. Rev. Stat. § 99.810.1(2) that a redevelopment plan conform to a municipality's comprehensive plan for development); *JG St. Louis West, LLC v. City of Des Peres*, 41 S.W.3d 513, 517–521 (Mo. Ct. App. 2001) (discussing the definition of "blight" under the TIF Act and discussing in detail the "but for" causation requirement of Mo. Rev.

4

Stat. § 99.810.1(1)); *City of St. Charles v. DeVault Management*, 959 S.W.2d 815, 821–24 (Mo. Ct. App. 1997) (discussing the requirement under Mo. Rev. Stat. § 99.810.1(2) that a redevelopment plan conform to a municipality's comprehensive plan for development). *Pullman* abstention is inapplicable in this case.

### 3. *Burford* Abstention

Finally, under the *Burford* abstention doctrine, federal courts are to abstain where exercising jurisdiction would disrupt a complex state regulatory scheme. *Bilden v. United Equitable Ins. Co.*, 921 F.2d 822, 825–26 (8th Cir. 1990). *Burford* abstention applies where "a state has established a complex regulatory scheme supervised by state courts and serving important state interests, and whe[re] resolution of the case demands specialized knowledge and the application of complicated state laws." *Bilden v. United Equitable Ins. Co.*, 921 F.2d 822, 825–26 (8th Cir. 1990) (citations omitted). "In *Burford*, the Supreme Court ordered abstention because review by the federal courts would [have been] disruptive of a complex state regulatory scheme that provided for an elaborate review system through specialized agencies and specialized state courts." *Moe*, 659 F.2d at 883 (citing *Burford*, 319 U.S. 315). The TIF Act does not provide for a complex regulatory scheme or an elaborate review system like the one in *Burford*, and the application of the TIF Act, as construed by Missouri courts, to the facts of this case, will not require "specialized knowledge."

### B. Defendants' Notice of Removal

Four Seasons argues that this case should be remanded to state court because the Defendants' Notice of Removal says that the case is being removed to the United States

5

District Court for the Western District of Missouri, Southern Division, while the Local Rules of the Western District of Missouri dictate that the case be removed to the Central Division. *See* Local Rule 3.2. However, although Defendants' Notice of Removal stated that the case was being removed to the Southern Division, the caption of an answer filed by Defendants JQK and JKH that same day listed the division as the Central Division, as did every subsequent filing by both parties and every order entered by this Court. Further, the case was never assigned to a Southern Division District Judge, and was given a Central Division case number on the Court's Electronic Case Filing system. Thus, it appears that the error in Defendants' Notice of Removal was discovered and corrected the day it was filed. Defendants, in removing an action from state court must "file in the district court of the United States for the district and division within which [the] action is pending a notice of removal signed . . . and containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). Although Defendants' notice incorrectly states that Camden County is in the Southern Division rather than the Central Division, the notice was filed in the Central Division and therefore complied with section 1446(a).[5] The case ended up in the correct division of the correct district. The Court will not remand for this technical, non-prejudicial defect.

## II.    Defendants' Motion to Expedite Trial Date

---

[5] Moreover, even if the error in Defendants' Notice of Removal had not been corrected the day it was filed, this Court would have had the authority to transfer the case to the correct division under 28 U.S.C. §§ 1406(a) or 1631.

Defendants move the Court for an expedited trial date "in light of the advanced stage of this litigation and the limited issues to be tried in this case." (Defs' Sugg. in Supp. 3). In the parties' joint proposed scheduling and bench trial order Defendants propose a trial date of March 9, 2009, while Plaintiffs propose September 1, 2009. This case was originally filed in the Circuit Court of Camden County on December 7, 2007, and substantial discovery was conducted prior to its removal to federal court on September 5, 2008. Plaintiff would not be prejudiced by an expedited trial setting in this case. Even so, a March trial setting would not give the parties and the Court sufficient time to file and resolve dispositive motions. Therefore, the Court will set this case for trial on June 1, 2008. A scheduling order will follow.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiff's Motion For Remand To State Court or in the Alternative a Stay of Federal Court Proceedings [Doc. # 14] is DENIED; it is further

ORDERED that Defendants' Motion to Expedite Trial Date [Doc. # 20] is GRANTED

IN PART. This case is scheduled for a bench trial on June 1, 2009, at 9:00 AM, at the United States Courthouse, 131 W. High Street, Jefferson City, Missouri 65101.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 30, 2008
Jefferson City, Missouri